# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN D. KING, # 134091** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 22-0286-CG-MU** |
| **WEXFORD,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and, alternatively, for failure to pay the partial filing fee.

### I. Dismissal Based on Maliciousness.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

misrepresents his litigation history on a complaint form requiring disclosure of such history and then signs the complaint under penalty of perjury, as such is an abuse of the judicial process.  See *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *see also, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming the dismissal without prejudice of an action as malicious where the prisoner responded "yes" to the complaint form's question about filing a prior lawsuit over his imprisonment, signed the complaint under penalty of perjury, and listed one lawsuit but did not list his two other lawsuits)[1]; *Schmidt v. Navarro,* 576 F. App'x 897, 898-99 (11th Cir. 2014) (affirming the dismissal of an action as malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury); *Jackson v. Fla. Dep't of Corrs.,* 491 F. App'x 129, 131-32 (11th Cir. 2012) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no actions dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (relying on *Rivera,* the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases on his complaint signed under penalty of perjury

---

[1]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

even though he had filed two other federal cases within the preceding month), *cert. denied,* 562 U.S. 1013 (2010).

In the present action, Plaintiff responded with "no" to the complaint form's question if he had filed other lawsuits in state or federal court dealing with same or similar facts, and "yes" to the complaint form's question if he had filed other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 4, PageID.4). Plaintiff listed *King v. Dr.* Shaw, CA 2:22-369-WHA-CSC (M.D. Ala. pending) as his prior case. Plaintiff then signed his complaint under penalty of perjury. (*Id.* at 12, PageID.12). The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered from its examination of PACER (Public Access to Court Electronic Records) that Plaintiff did not disclose his other actions concerning his imprisonment, namely, *King v. City of Mobile, et al.*, CA 15-00610-TFM-N (S.D. Ala. May 11, 2022); and *King v. Thigpen, et al.,* CA 2:90-01150-ID-VPM (M.D. Ala. Mar. 8, 1994). After discovering and reviewing these prior actions, the Court finds that Plaintiff did not provide information requested by the complaint form about his prior actions. (Doc. 1 at 4, PageID.4). Therefore, the Court concludes that when Plaintiff filed the present complaint, he chose not to list his prior actions and then signed his complaint under penalty of perjury. (*Id.* at 12, PageID.12).

The information requested by the complaint form about a prisoner plaintiff's prior actions assists the Court in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When this information is not provided by the prisoner, the Court is deprived of this knowledge to assist it in handling the prisoner's action,

which causes the Court to expend more resources and time.  (*Id.*).  Furthermore, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that the "pleading, written motion, or other paper . . .  to the best of [his] knowledge, information and belief, formed after an inquiry[,] . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P.11(b)(1) & (3).  The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings.  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, *Inc.*, 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).  Because Plaintiff was not truthful in his complaint about his prior litigation, his action is subject to being dismissed as malicious for abusing the judicial process.  The only reason the undersigned would not recommend this action's dismissal without prejudice is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions filed in Alabama has expired.  *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (statute of limitations), *cert. denied*, 506 U.S. 917 (1992); *see Stephenson v. Warden, Doe,* 554 F. App'x 835, 838 (11th Cir. 2014) (if the statute of limitations has expired, lesser sanctions should be considered); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (same).

To make this determination, the Court is examining the complaint.  Plaintiff identifies the date of the incident as August 5, 2021.  (Doc. 1 at 5, PageID.5).  In the complaint Plaintiff sues numerous medical personnel and correctional officials baldly claiming they failed to provide health care or failed to protect him, respectively, when on

August 5, 2021, he was poisoned and raped, leaving him incapacitated for about four weeks. (*Id*.). Subsequently, he was transferred to Bullock Correctional Facility's stabilization unit where he was involuntarily medicated to cover up their lack of aid and to brand him mentally ill. (*Id.*). Moreover, details about each Defendant's involvement in his claims are deficient in his shotgun-style complaint.

After reviewing Plaintiff's allegations based on this incident, it readily apparent that the two-year statute of limitations has not expired on his claims arising on August 5, 2021. Thus, if this action is dismissed, Plaintiff will be able to refile his action.

## II. Dismissal for Failure to Pay the Partial Filing Fee.

This action is before the Court on Plaintiff Steven D. King's court-ordered printout of his inmate account. (Doc. 8, PageID.35). Plaintiff was ordered to file the printout (Doc. 5, PageID.26) because he claimed that he was unable to pay the partial filing fee of $9.66 by August 10, 2022, as he only had $.81 in his prisoner account as August 4, 2022, and he wanted the prison to be ordered to pay it when funds became available. (Doc. 4, Motion to Pay Initial Partial Filing Fee When Funds [Are] Available, PageID.24). The court-ordered printout reflects his monthly gross deposits and average balances from May 31, 2022 until the printout's filing. (Doc. 5, PageID.26).

A review of the filings that led to the order requiring the filing of an updated printout shows that soon after the complaint and Motion to Proceed Without Prepayment of Fees were filed on July 19, 2022 (Doc. 1, 2), Plaintiff was ordered on July 22, 2022 to pay $9.66 as a partial filing fee within twenty-one days. (Doc. 3 at 2, PageID.22). The partial filing fee was calculated from a printout reflecting monthly gross deposits and

5

average balances from December 31, 2021 to May 31, 2022.[2] (Doc. 2 at 6, PageID.19). This initial printout reflects that his monthly deposits for five of the six months preceding the complaint's filing on July 19, 2022 well exceeded the partial filing fee, except for February, 2022, when no deposit was received. (*Id.*). In addition, the Certificate completed by the authorized officer reflects that as of June 7, 2022, Plaintiff had $50.74 in his account. (*Id.*). And the updated printout shows that Plaintiff's gross deposits in June, 2022 were $50 and <u>in August, 2022 were $60</u>. (Doc. 8 at 2, PageID.35).

Thus, after Plaintiff was ordered on July 22, 2022 to pay the partial filing fee of $9.66 within twenty-one days, he received $60 in August, 2022. Although Plaintiff may have only had $.81 when he filed his motion for an extension on August 4, 2022 (Doc. 4, PageID.24), he received $60 later in August from which he could have paid the partial filing fee. To date, the partial filing fee has not been paid.

Furthermore, the complained of incident occurred on August 5, 2021. (Doc. 1 at 5, PageID.5). And Plaintiff filed this suit on July 19, 2022, almost a year later. (Doc. 1). The initial printout, attached to his Motion to Proceed Without Prepayment of Fees, reflects a $1,850 deposit made during August, 2021 (the month when the incident occurred) (Doc. 2 at, PageID.19), and Plaintiff spending down those funds, as well as the monthly deposits into his prisoner account, through July, 2022 (*Id.*; Doc. 8 at 2, PageID.35), leaving him with $.81 balance as of July 31, 2022. (*Id.*).

A court possesses the inherent power to dismiss an action for failure to prosecute or to comply with the court's orders. *Link v. Wabash R. Co.*, 370 U.S. 626,

---

[2] The printout covers a twelve-month period of monthly gross deposits and average balances. (Doc. 2 at 6, PageID.19). The Court, however, only considered the printout's last six months preceding the complaint's filing for the partial filing fee calculation. .

630-35, 82 S.Ct. 1386, 1389-91, 8 L.Ed.2d 734 (1962). The Eleventh Circuit in *Wilson v. Sargent*, 313 F.3d 1315 (11th Cir. 2002), concluded that a court is not precluded "from inquiring further into the inmate's account activity after entry of the IFP order" in the instance where the partial filing fee is unable to paid "at the time of collection because [the inmate] intentionally depleted his account to avoid payment," and ruled that "the court in its sound discretion may dismiss the action." *Id.* at 1321 n.7 (citing *Collier v. Tatum*, 722 F.2d 653, 655-56 (11th Cir. 1983)). In different set of circumstances, the *Wilson* court held that before a court dismisses an action for failure to pay the fee, it must inquire to determine why the fee has not been paid to ensure the failure to pay was not due to circumstances beyond the inmate's control. *Id.* at 1320. But where circumstances show that compliance with the court's order was within the inmate's control, and his statements showed he did not comply with the court's order, further investigation is not required. *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009).

Additionally, the *Wilson* court reasoned that an inmate should have opportunity to explain or to refute any findings and determined, among other things, that an objection to the magistrate judge's report and recommendation provided an adequate opportunity for the inmate to do so. *Wilson,* 313 F.3d at 1321.

An inmate, "of course, enjoys the freedom to spend his money as he sees fit, but he must accept the consequences of his decisions." *Higginbotham v. Inch*, 2021 WL 5055071, at *5, *adopting* 2021 WL 5052471 (N.D. Fla. 2021) (unpublished) (finding that the inmate "valued snacks, media, and other comfort items over pursuing [his] litigation," which did not excuse his failure to comply with the order by paying the filing fee). "An appropriate sanction for [an inmate's] failure to comply with the order to pay the filing fee

7

is to dismiss [his] case without prejudice." *Id.* (citing, *inter alia*, *Lumbert v. Ill. Dep't of Corrs.,* 827 F.2d 257, 260 (7th Cir. 1987) (holding that by the inmate deciding purchases from the commissary were more important than paying the partial filing fee," he has demonstrated an implied evaluation of the suit that the district court is entitled to honor[]"); *Cosby v. Meadors,* 351 F.3d 1324, 1332 (10th Cir. 2003) (finding the inmate should have noticed the prison's lapse in not making payments, as he had directed them to do, and not spent the money), *cert. denied*, 541 U.S. 1035 (2004)). Accordingly, the undersigned finds, in the alternative, that this action is due to be dismissed without prejudice for Plaintiff's failure to comply with the Court's order to pay the partial filing fee for this action.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and, alternatively, for failure to pay the partial filing fee.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE and ORDERED** this 27th day of December, 2022.

                                      **/s/ P. BRADLEY MURRAY**
                                      **UNITED STATES MAGISTRATE JUDGE**